Felix MOZISEK, Appellant,

v.

Clara MOZISEK, Appellee.

No. 16393.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 22, 1963.

Rehearing Denied March 22, 1963.

Paul Huser, Schulenburg, for appellant.

Armond G. Schwartz, Hallettsville, for appellee.

RENFRO, Justice.

Appellant Felix Mozisek, defendant in a divorce suit filed by appellee Clara Mozisek, appealed from the judgment only in so far as the property was involved.

Appellant contends the court committed reversible error in failing to order a division of the community and separate property, in granting appellee a money judgment for money advanced out of her separate funds to appellant for improving his separate real estate, and in granting appellee an equitable lien on appellant's property to secure the payment of the money judgment.

It is the duty of the Court of Civil Appeals to indulge every reasonable presumption in favor of a proper exercise of discretion by the trial court in dividing the properties of the parties. Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409.

A proper construction of the judgment, in the light of the whole record and the court's recitals in the judgment, shows the court did partition the property.

■ The community property consisted of a Ford pickup, cows, calves, heifers, sheep, hens, turkeys and a tractor. Appellee, during the marriage, had advanced to appellant out of her separate funds more than a thousand dollars which appellant had used for various purposes.

At the time of the divorce appellee was working as a maid for $15.00 per week. In making a division of property the court may take into consideration the relative condition of the parties, their status as to obligations to meet and their ability to earn a living, etc. Harris v. Harris, Tex.Civ.App., 190 S.W.2d 489. Obviously, appellee with no land and no home had no use for the community property heretofore mentioned. Although the court recited that appellant's property had been enhanced in value by appellee's contributions from her separate funds, the judgment can be affirmed on the basis of an equitable division. The judgment did not specifically set aside all the listed community property to appellant, but by implication it did so. The court, in its discretion, awarded appellee, in lieu of her interest in said property, a money judgment for $1,468.50.

■ The provisions of Art. 4638, Vernon's Tex.Civ.Rev.St., do not require the division of property to be equal. The court can be controlled by what the facts may lead him to believe is just and right. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299.

■ Under the statute, the court has wide discretion and power to determine questions of fact in respect to the division or partition of the property between the parties to a divorce and such awards will not be disturbed unless there is a clear abuse of discretion. Kollenborn v. Kollenborn, Tex.Civ.App., 273 S.W.2d 660; Milligan v. Milligan, Tex.Civ.App., 282 S.W.2d 127.

In view of all the evidence concerning the community property, the use of appellee's separate funds by appellant, the amount of separate property owned by appellant and the limited ability of appellee to earn, we see no abuse of discretion on the part of the trial court in the disposition of the property.

■ The court had authority to fix an equitable lien on appellant's separate property to secure the payment of the money judgment to appellee. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306; Smith v. Smith, Tex.Civ.App., 187 S.W.2d 116; Berg v. Berg, Tex.Civ.App., 115 S.W.2d 1171; 20 Tex.Jur.2d, p. 542, § 205, p. 581, § 253.

All points of error are overruled.

Judgment affirmed.