William L. WEAKS, Appellant,

v.

Darolyn M. WEAKS, Appellee.

No. 7279.

Court of Civil Appeals of Texas, Beaumont.

Sept. 16, 1971.

Rehearing Denied Oct. 14, 1971.

William L. Weaks, Bobby C. Williams, Beaumont, for appellant.

Provost, Umphrey & Doyle, Port Arthur, for appellee.

DIES, Chief Justice.

This action is one for divorce. A jury was demanded and the trial proceeded to a jury. On the following day, Appellant, who was not represented by counsel during the trial, and Appellee's attorney requested that the case be withdrawn from the jury. Defendant (Appellant) Weaks withdrew opposition to the granting of the divorce, stipulating that custody of the two minor children involved be withdrawn from the jury and withdrawing his opposition to the plaintiff's (Appellee's) request for custody.

It was further agreed,

"It is further understood and agreed by and between the parties and made a stipulation in this case that the only remaining unresolved issues in this cause shall be resolved by the Hon. Ethridge R. Wright in this same trial, and that said issues are:

1. An equitable division of the community property of the parties hereto and,

2. The matter of the child support contribution to be made to Darolyn M. Weaks for the use and benefit of the two minor children herein involved."

Subsequently, the Court entered judgment disposing of custody, support and division of the community property.

Appellant poses two points of error: (1) That the trial court erred in directing Appellant to pay the sum of $9000.00 cash to Appellee because the community property did not consist of any cash; and (2) The trial court abused its discretion in making an equitable division of the community property of the parties.

We reject both contentions.

Community property consisted of a homestead, furniture, household fixtures, two automobiles, certain household appliances, equity in a 30-ton Crane, a business, the business inventory, the business accounts receivable in excess of $14,000.00, an airplane, and certain other items. There is in evidence a financial statement filed by the Appellant showing a net worth as of July 12, 1970, of $108,793.57.

In dividing the community estate so as to achieve an equitable balance, we hold that the Court may order either party to pay a cash sum to the other even if there be no cash to be divided.

In McCauley v. McCauley, 374 S.W.2d 719, 721 (Tex.Civ.App., Waco, 1963, error dism.), the Court,

"* * * further decreed that he pay to Mrs. McCauley the sum of $12,500.00 in five annual installments of $2500.00 each, * * * The decree further ordered plaintiff to execute and deliver his promissory note in conformity with the above requirements payable to Mrs. McCauley as above stated, and the decree expressly awarded a lien upon all the property, both real and personal the court had awarded to McCauley, and provided that the award to McCauley of such property was subject to the lien and trust for the benefit of Mrs. McCauley to secure her in the payment of said $12,500.00 note."

The discretion and power in the trial court to determine questions of fact concerning division of the property between parties in a divorce is very wide. See 20 Tex.Jur.2d, § 207 and the numerous authorities cited thereunder.

Section 3.63 of the Family Code, V.T.C.A. is as follows:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due

regard for the rights of each party and any children of the marriage."

We do not believe Section 3.63 of the Family Code, V.T.C.A. was intended to take any of the discretion and power from the trial court.

■ Furthermore, the judgment recites that the division of the community property was agreed to by the parties, as follows:

"And it further appearing to the Court that the plaintiff and defendant acquired certain community property during their said marriage, and that they have agreed as to a partition and division of the community property, and the Court being of the opinion that such agreement is fair, just and equitable; * * *"

Also, Appellant apparently personally signed the judgment as "Approved".

The judgment of the trial court is affirmed.