**Billy Ray MADDOX, Appellant,**

v.

**Sherry Lee Covery MADDOX, Appellee.**

**No. 16006.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1973.

Monroe R. Talley, William H. Scott, Jr., Houston, for appellant.

Sam S. Emison, Jr., Houston, for appellee.

COLEMAN, Justice.

This is an appeal from that part of a divorce decree dividing community property. Appellant complains of the action of the trial court in awarding appellee a $15,000.00 money judgment for the reason that the court based the award in part on his findings of the value of certain properties which values were contrary to the great weight and preponderance of the evidence.

The trial court awarded to appellant as his share of the community property certain household furnishings, a 1970 Chrysler automobile, 1,000 shares of Fidelity Bank

stock, 500 shares of Orange National Bank stock, his office equipment, six lots on La Quintana Beach in Brazoria County, 100 shares of Electronics Association, his life insurance policies, a country club membership, the interest owned in Quad Metal stock, 99 acres of land in Bexar County, Texas, the partnership interest in an isotope laboratory, and all medical accounts receivable.

Appellee was awarded her clothing, jewelry, certain household furniture, a piano, a 1970 Camaro automobile, the proceeds from the sale of their residence, and the judgment for $15,000.00.

Appellant was required to pay appellee's attorney's fee and all community debts except the payments due on the automobile and piano awarded to appellee. The court costs were taxed against the parties equally.

The trial court filed findings of fact and conclusions of law. The court found the net worth of the community estate to be $61,356.00. The items awarded to appellee were valued at $28,725.00. According to the values found by the court he awarded appellant 51.7% of the community estate. Appellant has attacked the value placed on the accounts receivable, the land, the partnership business, and the equity in the Keough Retirement Plan.

■ The Keough Retirement Plan has an equity value of $4,100.00, the amount found by the court. The plan contains penalty provisions so that the cash value, if the contract were cancelled, would be $3,000.00. There is nothing in the record to indicate a necessity to cancel the plan. The interest is worth $4,100.00 to appellant.

■ The dispute over the value of the accounts receivable relates to the percentage by which the total amount of the accounts should be reduced to allow for accounts which cannot be collected. The court allowed ten per cent. There is evidence to support his finding. The court was not bound by the opinion evidence that

a larger percentage should have been allowed.

The value placed on the Bexar County land was considerably in excess of the purchase price, but this value is supported by the testimony of a professional appraiser. There was testimony from which a lesser value could have been found.

Appellant purchased several resort area lots in Brazoria County, Texas. He sold one of the lots. The value found by the court is in line with the sales price of this lot. There is other evidence supporting the finding. The evidence does not demonstrate that the finding is clearly wrong.

The finding relative to the value of the partnership business is based on the book value. There is evidence that the assets are not worth book value. An accountant testified that the business lost about $1,600.00 in 1970, the first year of its operation, and $300.00 in 1971. There was testimony that it was about breaking even at the time of the trial. Appellant had invested $4,000.00 in the business and his partner an equivalent value in equipment. Appellant and his partner were doctors. The business performed medically related tests, principally for two hospitals. The court found the value of this business interest to be $2,650.00. There was no evidence of the value of the business as distinguished from its assets. The court was not required to accept the testimony that the assets of the business had little or no value.

■ It was the duty of the court to divide the community property in a manner which he deemed just and right. He is not required to divide the property equally, and in making the division the court may consider the disparity in the earning power of the parties, their business opportunities, capacities and abilities. Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ.App.—Tyler 1966); Clark v. Clark, 362 S.W.2d 655 [Tex.Civ.App.—Houston (1st), 1962].

The fact findings of which complaint is made are evidentiary and not findings as to

ultimate issues. Jury findings of the same facts would not have been binding on the court. Grant v. Grant, 351 S.W.2d 897 (Tex.Civ.App.—Waco 1961, err. dism'd); Texas Emp. Ins. Ass'n v. Henthorn, 240 S.W.2d 392 (Tex.Civ.App.—Amarillo 1951, err. ref., n. r. e.); Guthrie v. Sinclair Refining Co., 320 S.W.2d 396 [Tex.Civ.App.—Houston (1st) 1959], certiorari denied 361 U.S. 883, 80 S.Ct. 155, 4 L.Ed.2d 120.

 It is the task of this court to determine from the entire record whether or not the trial court divided the property in a manner that was manifestly unjust and unfair. Appellant attempts to show this by showing that the values on which his decision was founded were not properly supported by the evidence. We observe, in the words of Chief Justice Chadick of the Texarkana Court of Civil Appeals, Dorfman v. Dorfman, 457 S.W.2d 417 (1970), "that the facts and circumstances offered by appellant pertaining to value are not of such strong and inherent probative effect that it may be said that the court's judgment is contrary to the great weight and preponderance of the evidence."

Appellant is a doctor of medicine. His gross earnings as shown by his last income tax return amounted to $81,000.00. His net income for tax purposes was $38,000.00. Appellee was employed at secretarial work at the time of the trial. Her gross salary was $550.00 per month. It was not shown that either party owned any separate property.

Under the evidence the trial judge did not err in failing to award the heavily mortgaged real estate to appellee, or to sell it and divide the proceeds. The division made by the court tended to preserve the value of the property in the hands of its recipient. It is common knowledge that property disposed of at forced sale rarely brings its highest value. The evidence shows that appellee probably would not have been financially able to make the payments required to discharge the mortgages on the real estate. The various properties in question were of greater value in the hands of appellant. There was no abuse of discretion. Dorfman v. Dorfman, supra; Preston v. Preston, 453 S.W.2d 389 (Tex.Civ.App.—El Paso 1970); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App.—Ft. Worth 1963); McCauley v. McCauley, 374 S.W.2d 719 (Tex.Civ.App.—Waco 1963).

The judgment is affirmed.