In the Matter of the MARRIAGE OF
Harvey K. JACKSON and
Lera C. Jackson.

No. 8406.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 19, 1974.

Second Rehearing Denied March 18, 1974.

**262**

Enos T. Jones, Amarillo, for appellant.

Lumpkin, Watson, Barras & Reavis, Deane C. Watson, Amarillo, for appellee.

## ON MOTION FOR REHEARING

ELLIS, Chief Justice.

Our opinion issued on January 21, 1974, is withdrawn, and the following opinion, issued subsequently to appellant's motion for rehearing, is substituted therefor:

In this divorce action, the husband-appellant has appealed from that portion of the judgment dividing the properties of the

parties and awarding attorney's fees in favor of the wife. Affirmed.

The suit was instituted on June 19, 1972, by Harvey K. Jackson, petitioner-appellant, against his wife, Lera C. Jackson, respondent-appellee, on the grounds of "insupportability" under Section 3.01, Texas Family Code, Vernon's Texas Codes Annotated. The wife-respondent filed a cross-action in which she alleged insupportability "under all of the circumstances" as her grounds for divorce. The husband is a medical doctor who had practiced in Amarillo, Texas, for twenty-six years. The wife had worked as a bookkeeper or clerk in the husband's professional office for approximately thirteen years. They were married in 1939 and separated in 1971.

The suit was tried before the court without a jury on April 11, 1973. The court granted a divorce on the wife's cross-petition, and in its judgment ordered a division of the properties of the parties, awarding specific items of both real and personal property to each party, including the award of a sum in cash payable, in installments, by the husband to the wife. Also, the wife was awarded attorney's fees. The husband has limited the scope of his appeal under Rule 353 of the Texas Rules of Civil Procedure to the division of the property, and neither party has appealed from the court's order granting the divorce. The husband's appeal is predicated upon nine points of error challenging the court's action with respect to the division of the property, including the allowance of attorney's fees, as well as certain procedural and evidentiary aspects of the case.

During the course of these proceedings, both parties filed sworn inventories and appraisements of their community and separate property which were considered by the court as evidence without objection. Further, there was oral testimony presented by both parties, each referring to their respective inventories and appraisements at various times throughout the trial. The husband's inventory and appraisement showed a net value of $90,635 of the entire community estate after deduction of indebtedness. Additionally, he admitted certain unlisted community property, including as much as $1,000 in traveler's checks as well as between $485 and $1,000 in a bank account. Also, the husband owned, as separate property, a 246 acre farm in Hardeman County, Texas. Although he placed no present value on the farm, he admitted that he had valued the farm at $50,000 in a financial statement given to an Amarillo bank in 1967. At the time of the trial, the principal sum of $12,000 was owed upon a Federal Land Bank loan secured by a lien upon the farm upon an original indebtedness of $15,000 incurred in 1964. Additionally, $750 in Federal Land Bank stock was purchased with community funds at the time the loan was obtained. Further, $4,600 in community funds had been used to clear the debts of the estate from whch the husband had inherited the separate property in order to quiet the title to the farm. All of the installments on the Federal Land Bank loan had been paid from community funds. The wife's inventory and appraisement showed that the community estate had net assets of the total value of $164,900.

In addition to the evidence regarding the values set out in the respective inventories and appraisements, an experienced realtor testified concerning the values of the home and office building owned by the community estate. He stated that the home had a value of between $30,000 and $31,000 and he valued the office building and premises at $25,000.

There was testimony given at the trial by the wife's attorney concerning the nature and extent of the legal services rendered by him as her attorney. Attorney Kolander, a member of the Amarillo bar, testified that in his opinion the reasonable fee for such services was between $4,500 and $5,000.

In its findings of fact, the trial court assigned the sum of $128,100 as the total net value of the assets of the community prop-

erty, $7,000 of which represented the value of the right of reimbursement due to the community estate because of the enhancement of the husband's separate estate by expenditures of community funds. The specific items of community real and personal property awarded to the husband and wife, respectively, as valued by the court along with the sum to which the community estate is entitled by way of reimbursement from the husband's separate property, are set out as follows:

*Awarded to Dr. Jackson:*

| | | |
|---|---:|---:|
| Professional office building and premises | $25,000 | |
| Medical equipment, fixtures and furnishings | 7,500 | |
| Accounts receivable, net value | 28,700 | |
| 40 acre tract, Riviera Park (near Amarillo), including fixtures and equipment, less indebtedness | 14,800 | |
| Bank Account | 2,000 | |
| Automobiles and other vehicles | 4,900 | |
| Traveler's checks | 1,000 | |
| Firearms | 500 | |
| Tract in Goodlett, Hardeman County (community interest) | 500 | |
| | | $84,900 |

*Awarded to Mrs. Jackson:*

| | | |
|---|---:|---:|
| Residential home—2012 Teckla (Amarillo) | $30,000 | |
| Household furnishings | 4,000 | |
| 1970 Ford automobile | 2,200 | |
| | | $36,200 |

| | |
|---|---:|
| *Reimbursement to which community estate is entitled from husband's separate estate* | $7,000 |
| Total Community Assets | $128,100 |

The above listed properties awarded to the husband were exclusive of his separate 246 acre farm in Hardeman County, Texas, valued by the court at $25,000, subject to the right of reimbursement in the sum of $7,000 due to the community estate.

In addition to the above listed items of community property valued at $36,200, the wife was awarded the sum of $40,000 in cash (in installments to be paid by the husband), "Because the community property is not subject to equitable partition in kind, and to adjust the reimbursement owed by (to) the community estate, and because the community estate consists, in part, of accounts receivable and cash and other personal property, . . . . " Thus, out of the total community assets of $128,100, the wife was awarded specific items of property and cash having the total value of $76,200, leaving the net balance of $51,900 as the value of the community assets awarded to the husband. Also, an equitable lien was placed on the husband's properties as security for his payment of the cash award to the wife. Additionally, the court granted judgment to the wife in the sum of $5,000 against the husband for legal services which the court found "necessary and proper for the preservation of her rights" as a reasonable and proper fee for the services rendered. No specific lien was provided under the judgment to secure the payment of the attorney's fees.

In his first point of error, the appellant contends that the trial court erred in its

holding that the community property was not susceptible of division in kind. The statutory provision governing the court's action in dividing the property of the parties is Section 3.63 of the Texas Family Code, V.T.C.A. (formerly art. 4638, Vernon's Ann.Tex.Civ.St.) which sets out ". . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . . ."

◼ Prior to enactment of the Family Code, the statutory authorization for division of community property in the event of a divorce was Vernon's Ann.Civ.Stat. art. 4638, which, insofar as relevant here, employed substantially the same language now set out in Section 3.63 of the Family Code. It has long been recognized that art. 4638 vested in the trial court broad discretion in making a division of the property of the parties, and that the discretion exercised would not be disturbed on appeal unless the court had abused its discretion. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923). In enacting Section 3.63 of the Family Code with substantially the same language contained in the repealed art. 4638, the legislature manifested no intent to diminish the authority or discretion of the court in effecting a just and right division of the property of the parties on divorce. Weaks v. Weaks, 471 S.W.2d 454 (Tex.Civ.App.—Beaumont 1971, writ dism'd).

◼ The appellant insists that it is significant that the legislature mentioned the word "division" in Section 3.63 of the Family Code, We note, however, that the former art. 4638 V.A.T.S. likewise used the term "division" with respect to the apportionment of the property in a divorce proceeding. In support of his contentions regarding the partitioning of the property in kind, he cited the cases of Pfeffer v. Meissner, 286 S.W.2d 241 (Tex.Civ.App.) —Galveston 1955, writ ref'd n. r. e.) and Irons v. Fort Worth Sand and Gravel

Company, 284 S.W.2d 215 (Tex.Civ.App. —Fort Worth 1955, writ ref'd n. r. e.). These cases involved partitioning not related to divorce proceedings, and it is well established that in making the division of property in divorce proceedings, the court may consider many factors that would not be determinative in a non-divorce partitioning of property. As stated in Speer, Marital Rights in Texas § 837, at 191, regarding the division of property in divorce proceedings:

"The parties are not necessarily entitled to receive in the partition a part of each tract or parcel of land, or even lot for lot, but the court . . . making the division . . . (has) all reasonable latitude, and may make such partition as the exigencies of the situation may require."

The appellant also referred to the decision of the Texas Supreme Court in the recent case of Nail v. Nail, 486 S.W.2d 761 (Tex.1972) holding that a doctor's good will or practice was not property in the estate of the parties and therefore was not within the authority and discretion vested in the trial court with respect to the awarding or division of property under Section 3.63 of the Texas Family Code. It is noted that, although in the wife's initial pleading she regarded the husband's "good will" as a doctor as a part of the community property to be divided, after the Supreme Court's decision, but prior to the trial of the instant case, her pleadings were supplemented and amended and she made no claim that the doctor's "good will" was a community asset. No evidence was presented in the trial regarding the value of the medical practice, and none of the court's findings indicate that the value of the appellant's medical practice was considered as community property.

◼ In its judgment the trial court found that the parties "own community property which consists of real estate, miscellaneous personal property, accounts receivables, medical office equipment, and

that Harvey K. Jackson owns some real estate as his separate property, and that, the community estate has rights of reimbursement from the separate estate of Harvey K. Jackson, and that some of the real estate of the parties is owned jointly by the community estate and the separate estate of Harvey K. Jackson, and that such property is not fairly susceptible of division in kind and that it should be divided in an equitable manner." Although the court's judgment in disposing of community property can be corrected on appeal only when an abuse of discretion is shown, Hedtke v. Hedtke, supra, we note that the appellant does not claim that the court abused its discretion but insists that the court erred in its finding that the property was not fairly susceptible of division in kind. We find no requirement that in divorce cases the court is obligated to divide the property "in kind," the only requirement being a division in such a way as may seem just and right, and the court may be justified in dividing property in a manner other than "in kind" when due consideration is given to such matters as the nature and type of particular property involved and the relative conditions, circumstances, capabilities and experience of the parties. See Roberson v. Roberson, 420 S.W.2d 495 (Tex.Civ.App.—Houston (14th Dist.) 1967, writ ref'd n. r. e.); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1963, writ dism'd). In view of the particular characteristics and nature of some of the properties here involved, it is our opinion that the court's finding that some of the properties were not susceptible to division in kind was not an abuse of discretion and presents no reversible error. We overrule appellant's first point of error.

■ The appellant contends in his second point of error that there is no evidence to support the trial court's findings as to the value of the property awarded to the parties. In connection with this "no evidence" point, he challenges the evidentiary basis for the court's judgment that

certain property was not susceptible to division in kind, all of which resulted, he contends, in an award of permanent alimony. Regarding the "no evidence" question, both parties submitted sworn inventories and appraisements setting out the nature and valuation of the various properties. The court announced that such inventories and appraisements would be considered as evidence by the court, and no objection thereto was made by either party. During the testimony of the respective parties various references were made to such inventories and appraisements regarding the nature and values of the properties under consideration. Further, testimony was given by an expert witness, Kenneth Kohler, regarding the values of certain items of property. Although there were conflicts in the evidence regarding valuations, and the appellant challenged the testimony by the expert witness contending that it was incomplete and inconsistent, we hold that the appellant's "no evidence" point regarding valuations cannot be sustained. The court, as the trier of the facts, was entitled to consider the weight and credibility of the testimony and other evidence submitted in making its determination as to the valuations to be assigned to the various items of property. Further, the court was empowered to employ sound discretion, in the light of all the facts and circumstances, in arriving at the decision as to what was "just and right" in the manner of dividing the properties and adjusting the equities of the parties therein. So long as the division was referable to the rights and equities of the parties in and to the properties at the time of dissolution of the marriage, such division should not be regarded as an allowance of permanent alimony in violation of established public policy. Francis v. Francis, 412 S.W.2d 29 (Tex.1967). Appellant's second point is overruled.

In his third and fifth points of error, the appellant challenges the authority of the court to order that appellant pay to the appellee the sum of $40,000 in cash, in installments, in lieu of a division of the

property, and asserts that the court was without authority to impose a lien on the appellant's estate to secure the payment of such cash award. It is here noted that the judgment provides no lien to secure the payment of the attorney's fees.

As previously set out, the court made a division of the various items of real and personal properties to both parties, and in connection with such division granted the award of $40,000 to the appellee secured by a lien upon the appellant's property. The court significantly recognized that the community estate was entitled to substantial reimbursement for expenditures made upon the separate property of the appellant. Also, the court expressly recognized, in particular, the accounts receivable, real property owned jointly by the community estate and the husband's separate estate, and other items of a nature not readily susceptible to equitable partitioning in kind. The court also confirmed in the appellant all of his separate property, including the 246 acre farm valued at $25,000, in addition to the various items of community property awarded to him. Also, the court found that the net professional earnings of the husband in 1972 were approximately $37,400 and that the wife has an earning capacity substantially inferior to that of the husband, due to her age, poor health and lack of employment experience outside of her work in the husband's office. She was fifty-nine years of age and consistently had problems with arthritis and high blood pressure. At the time of the trial she was unemployed and had no outside income or separate property.

■ It is well recognized that the trial court is vested with broad discretion in disposing of any and all property of the parties. It is not required that the property be divided equally. Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969, writ dism'd). Also, in making a division of the property the court may consider the disparity of the earning powers of the parties as well as their capacities and abilities. Further, the loss of an advantageous marriage or fault in breaking up the marriage may be taken into consideration in the property division. Roberson v. Roberson, supra; Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, no writ) and cases cited therein. In the instant case, the court explicitly found that even if "fault" on the part of the petitioner with respect to the breakdown of the marriage is not to be regarded as a proper factor for consideration in connection with the division of property when cruelty or adultery is not alleged, the division as made in this judgment is a proper division of the community property. In dividing the community property so as to achieve equitable balance the court may order either party to pay a cash sum to the other, even if there be no cash in community property to be divided. Weaks v. Weaks, supra; Brunell v. Brunell, 494 S.W.2d 621 (Tex.Civ.App.—Dallas 1973, no writ). Also, it has been held that an equitable lien may be imposed on the separate property of the husband to secure the payment of a money judgment as part of the wife's interest in the total property of the parties. Mozisek v. Mozisek, supra; Mea v. Mea, 464 S.W.2d 201 (Tex.Civ.App.—Tyler 1971, no writ); Hursey v. Hursey, 165 S.W.2d 761 (Tex. Civ.App.—Dallas 1942, writ dism'd). Additionally, it has been held that if a property division by judicial decree requires one party to make payments to the other party after divorce, such payments are not construed to be in the nature of permanent alimony if they are referable to any property which either spouse may have owned or claimed. Marks v. Marks, 470 S.W.2d 83 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.); Francis v. Francis, supra; McBean v. McBean, 371 S.W.2d 930 (Tex.Civ.App.— Waco 1963, no writ). From a consideration of the evidence in this case, we find that the amount of the cash award was a part of the property awarded to the wife in the division of the property of the parties, and there is no reference in the judgment or findings of fact that this sum was a personal obligation for support and maintenance of the wife after the final decree

in contravention of the public policy of this state regarding permanent alimony. Appellant's third and fifth points are overruled.

In appellant's fourth point he contends that there is no evidence to support an award of attorney's fees in the amount of $5,000 against the appellant. We note, also, that in appellant's reply to appellee's brief it is argued that the appellant made no agreement or contract to pay the wife's attorney's fees and that there is now no statutory authority to support the award of attorney's fees against the husband. In support of this contention he states:

> "Article 4621 and Article 4641 of the Civil Statutes provide that the community estates of the parties shall not be liable for the contracts of the wife 'except for necessaries furnished herself.' These two articles have been used by the courts to permit and allow an award against the husband for reasonable attorney's fees.
>
> "However both of these articles were repealed by Acts 1969, 61st Legislature, effective January 1, 1970. The Family Code did not reenact or provide for an award to either party for attorney fees in divorce suits.
>
> "It is fundamental that in the absence of a statute or a contract that the courts are without authority, hence without jurisdiction, to make an award for attorney's fees."

Thus, in addition to his original contention that there is *no evidence* to support an award of attorney's fees against the husband, he asserts that such award is "a fundamental error, hence is jurisdictional."

Although it is undisputed that there is no agreement on the husband's part to pay attorney's fees, we do not agree with appellant's position regarding the current status of the court's basic authority to award attorney's fees in a divorce proceeding. From an analysis of the applicable statutes and case law, both prior to and since the enactment of the Texas

Family Code, we find no specific statutory authority allowing the wife to recover attorney's fees in divorce proceedings; the allowance of such fees and the amount thereof are within the sound discretion of the court, in view of all the circumstances. Prior to the decision of the Texas Supreme Court in the case of Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950), the rule in Texas was that the husband could be held liable for the wife's attorney's fees on the grounds that they were "necessaries" furnished to the wife by another. Braswell v. Braswell, 476 S.W.2d 444 (Tex.Civ.App.—Waco 1972, writ dism'd); Robertson v. Robertson, 217 S.W.2d 132 (Tex.Civ.App.—Fort Worth 1949, no writ), and that the husband was responsible for such fees, first from the community estate, if any, and if none, then from his separate estate. Moore v. Moore, 192 S.W.2d 929 (Tex.Civ.App.—Fort Worth 1946, no writ). In the *Carle* opinion (prior to the enactment of the Family Code and repeal of former Articles 4621 and 4641, V.A.T.S.), the Supreme Court pointed out that it was not a correct approach to classify the wife's attorney's fees as a "necessary" and then to apply the rule that necessaries are primarily the obligation of the community and secondarily that of the separate estate of the husband because such reasoning does not take into account Article 4638, V.A.T.S. (now Section 3.63 of the Family Code) vesting discretion in the trial court to make a proper ("just and right") division of the community estate. In this connection the Supreme Court stated:

> " . . . The attorney's fee is but a factor to be considered . . . in making an equitable division of the estate, considering the conditions and needs of the parties and all the surrounding circumstances . . . ."

The court further pointed out that although a decree requiring the husband to pay all of the wife's attorney's fees may result in his receiving a lesser amount of the community estate, that fact alone does not condemn the award. Further, the rules

announced in *Carle* have been followed in subsequent cases, including those decided since the enactment of the Family Code. Braswell v. Braswell, supra; Swenson v. Swenson, 466 S.W.2d 424 (Tex.Civ.App.—Houston (1st Dist.) 1971, no writ). Also, see Zaruba v. Zaruba, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, no writ).

■ In view of the foregoing, we find no basis for the appellant's contention that the trial court's allowance of attorney's fees presents fundamental error for the matters of which he complains do not affect the jurisdiction of the court nor does it present a matter involving the public interest. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957); Cain v. Zurich Insurance Co., 426 S.W.2d 575 (Tex. Civ.App.—Dallas 1968, no writ). Regarding the appellant's contention that there is no evidence to support the award of attorney's fees in the amount of $5,000, we find from a review of the testimony by Attorney Kolander and by the appellee's attorney regarding the nature and extent of services rendered that the record supports the court's award. The facts and circumstances pertaining to this particular litigation and the relative conditions and positions of the parties supply evidence of probative force regarding the nature, extent and value of the attorney's services rendered, and it is our opinion that abuse of discretion was not shown concerning the court's action in this respect. Roberson v. Roberson, supra; Hearn v. Hearn, 449 S. W.2d 141 (Tex.Civ.App.—Tyler 1969, no writ); Sailes v. Sailes, 394 S.W.2d 248 (Tex.Civ.App.—Beaumont 1965, no writ). Appellant's fourth point is overruled.

■ In appellant's sixth point, he complains that the trial court "forced" the appellant to make a "hard choice" with respect to agreeing to closing his testimony on April 11, 1973, the day the cause was heard, rather than continuing the case from such date until May 23, 1973. During the hearing on April 11, 1973, the court

made the announcement that if the hearing were not completed that day, his schedule was such that the matter would be continued and the completion thereof postponed until May 23, 1973. The appellant agreed to the closing of the testimony on April 11, 1973, and there is no showing that the conclusion of the hearing on that date denied the appellant any right to present additional evidence which he deemed necessary to sustain his position in the suit or in what manner, if any, such conclusion of the hearing may have been detrimental to his rights. We find no merit in appellant's contentions in this respect. The sixth point is overruled.

■ In appellant's seventh point, he complains that the court erred in overruling his motion in limine wherein he requested that the testimony be limited to the matter of the property division. Although not determinative, we note in passing that appellant neither objected nor excepted to the court's ruling. The overruling of the motion in limine, in itself, is not reversible error. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963). Furthermore, the grounds for divorce alleged by both parties was "insupportability" under Section 3.01 of the Family Code. Section 3.64 of the Texas Family Code (in effect at the time of the granting of this divorce) required that the decree for divorce must be based upon full and satisfactory evidence. The court had the duty to determine whether the evidence was "full and satisfactory" regarding the issue of insupportability. Consequently, the parties could not waive the then existent statutory requirements and secure a divorce by default. Appellant's seventh point is overruled.

■ Appellant's eighth and ninth points challenge the materiality of the testimony of a third party witness concerning a purported adulterous relationship between her and the appellant, insisting that it has no relevance to any issue in the case. We note that the motion in limine overruled by

the court was not directed at the immateriality or nature of any particular anticipated testimony by this witness, but requested only that the evidence be limited to matters of property division. Further, the court was entitled to determine whether such evidence concerning the relationship of such witness and the appellant was relevant to the "insupportability" grounds alleged by the appellee in her counterclaim with respect to the breakdown of the marriage and as a factor which the court might consider in the equitable division of the property. We overrule the appellant's eighth and ninth points of error.

From our consideration of the entire record and the applicable authorities, we find no reversible error. Accordingly, the judgment of the trial court is affirmed. Appellant's motion for rehearing is overruled.