**Nolen M. GARRETT, Appellant,**

v.

**Lorene GARRETT, Appellee.**

**No. 16631.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1976.

Raymond J. Keller, Houston, for appellant.

D. Graham Moore, Houston, for appellee.

EVANS, Justice.

A divorce action.

In a non-jury trial appellee, Lorene Garrett, was awarded a divorce from appellant, Nolen M. Garrett, on the grounds of insupportability under Section 3.01 of the Texas Family Code. No findings of fact or conclusions of law were filed. The trial court divided the community property between the parties based upon their testimony and their respective inventories filed in the case. The decree provided that in addition to certain other property awarded appellee, she should receive:

"$24,000.00 in cash payable to the Petitioner from the Respondent over a period of ten (10) years at the rate of $200.00 per month beginning January 1, 1975, and the 1st of every subsequent month until the total amount of $24,000.00 is paid. The $200.00 per month payments are to be made to wherever the address of Petitioner may exist."

Appellant contends that this provision constitutes an award of alimony in violation of the public policy of the state and also that it is void for lack of certainty.

Appellant does not contend that the trial court abused its discretion in making an equitable division of the community property. Nor is the point raised that the court erred in its implied finding that the property was not fairly susceptible of division in kind. His argument is that there was no evidence that the community estate contained $24,000.00 in cash and that the record does not indicate the source of the required payments to be referable to any property.

It is the duty of the appellate courts to indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in a division of property. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st] 1974, no writ); *Thomas v. Thomas*, 525 S.W.2d 200, 201 (Tex.Civ.App.—Houston [1st] 1975, no writ); *Womble v. Womble*, 502 S.W.2d 886, 888 (Tex.Civ.App.—Fort Worth, 1973, no writ). The trial court may require one party to make monetary payments to the other party after divorce, and such payments are not construed to be in the nature of permanent alimony if they are referable to any property which either spouse may have owned or claimed. *Marks v. Marks*, 470 S.W.2d 83, 86 (Tex.Civ.App.—Tyler, 1971, writ ref'd n. r. e.); In *In re Marriage of Jackson*, 506 S.W.2d 261, 266 (Tex.Civ.App.—Amarillo, 1974, writ dism'd), it is said:

" . . . The court, as the trier of the facts, was entitled to consider the weight and credibility of the testimony and other evidence submitted in making its determination as to the valuations to be assigned to the various items of property. Further, the court was empowered to employ sound discretion, in the light of all the facts and circumstances, in arriving at the decision as to what was 'just and right' in the manner of dividing the properties and adjusting the equities of the parties therein. So long as the division was referable to the rights and equities of the parties in and to the properties at the time of dissolution of the marriage, such division should not be regarded as an allowance of permanent alimony in violation of established public policy. *Francis v. Francis*, 412 S.W.2d 29 (Tex. 1967). . . . "

At the time of the divorce hearing, appellant was the director-manager of a company with estimated net earnings for the year 1974 of $18,000.00 per year. At such time appellee was employed as a receptionist in an orthodontist's offices earning a gross income of $6,600.00 per year. The parties had been married for over thirty years and had two children, both of whom were adults.

In addition to the monetary award, appellee was awarded certain shares of stock, a term insurance policy, and the personal effects, furniture and cash in her possession. Appellant was awarded the personal effects in his possession, a 1974 Thunderbird automobile, certain improved property on Toledo Bend Lake, certain oil property, an unimproved lot or lots, certain rental property, an insurance policy, and a boat and motor. The evidence presented to the trial court as to the value of these properties was principally the parties' own testimony as to the prices paid therefor and their respective opinions as to the current market value. The trial court could have drawn varying inferences and conclusions from this evidence, both with respect to the current market value of the respective properties and as to the future use and benefits likely to be enjoyed by the continued ownership thereof.

In our opinion the evidence supports the trial court's award as being referable to the rights and equities of the parties in the properties at the time of the divorce hearing. On the basis of the evidence before it, the trial court could reasonably have decided that the aggregate worth of the properties awarded to appellant more than equaled the value of the monetary award to appellee and that the properties which it awarded to appellant would likely appreciate in value. It appropriately could have considered that the current value of the specific properties awarded to appellant exceeded several times over the value of the specific properties awarded to appellee and that it would be most beneficial for appellant to be given the continued control and management of the properties decreed to him.

In order to achieve an equitable balance between the parties, the court was authorized to order payment of a cash sum by appellant to appellee, even though there was no cash in the community estate. *Weaks v. Weaks*, 471 S.W.2d 454 (Tex.Civ. App.—Beaumont, 1971, writ dism'd); *In re Jackson*, supra. In adjusting the rights and equities between the parties the court was authorized to consider not only the valuation of the properties but also the capacities and abilities of the respective parties, including any disparity in their earning powers. *Goren v. Goren*, 531 S.W.2d 897 (Tex. Civ.App.—Houston [1st], 1975); *In re Marriage of Jackson*, supra.

We hold that appellant failed to establish that the monetary award in the instant case was in the nature of a payment of alimony. We further hold that such award was not void for want of certainty merely because the decree did not specify the particular source of money from which such payments were to be made.

The judgment of the trial court is affirmed.