Wanda Faye MURFF, Petitioner,

v.

John Samuel MURFF, Respondent.

No. B–9635.

Supreme Court of Texas,
Dallas County.

April 29, 1981.

Rehearing Denied June 10, 1981.

Dennis G. Brewer, Inc., Vincent R. Kirst, Irving, for petitioner.

Saner, Jack, Sallinger & Nichols, Robert L. Dillard, III and Robert E. Hager, Dallas, for respondent.

SPEARS, Justice.

In this divorce case, petitioner, Wanda Faye Murff, was granted a divorce by the trial court from respondent, John Samuel Murff, after a non-jury trial. John Murff was dissatisfied with the trial court's division of the community property and appealed to the court of civil appeals. That court reversed the judgment of the trial court and remanded the cause for a new trial, holding that the trial court abused its discretion in the division of the parties' estate. 601 S.W.2d 116.

We granted Mrs. Murff's Application for Writ of Error on all five asserted points of error. We have jurisdiction of the case because the holding of the court of civil appeals on the issue of whether fault may be considered in dividing the property, conflicts with *Duncan v. Duncan*, 374 S.W.2d 800 (Tex.Civ.App.—Eastland 1964, no writ) and on the issue of whether disparity in earning power or capacity may be considered in dividing the property, with *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex. Civ.App.—Amarillo 1973, writ dism'd). We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court and hold the trial court did not abuse its discretion in dividing the parties' property.

Mrs. Murff sought the divorce on three grounds: "no-fault" insupportability, and alternatively, adultery and cruel treatment, both "fault" grounds. Although the Decree of Divorce did not specify upon which ground the divorce was granted to Mrs. Murff, the Findings of Fact filed by the court stated that she had proved grounds under all three alternative grounds. In its division of the community estate of the parties, the trial court awarded the wife property valued by the trial court at $78,-901, plus attorney's fees of $8,500, and awarded the husband property valued at $73,600, plus $30,000 of husband's claimed separate property. The trial court further found that by alternatively valuing the wife's retirement and annuity at $47,090.55 instead of $8,000, the property awarded the wife would be $117,991.55, plus attorney's fees of $8,500. The court of civil appeals found that the trial court abused its discretion in six particulars: (1) in giving consideration to "fault" of a spouse to justify a disparate division of the community property; (2) in giving consideration to disparity of "income" between spouses instead of considering a disparity of "need" between spouses; (3) in failing to consider an award of attorney's fees to the wife against the husband as an element of the court's division; (4) in failing to declare the identity of separate property and fix any charge thereon in favor of the community; (5) in failing to evaluate correctly the pension plans; and (6) in failing to *divide* the spouses' property and in imposing an inequitable money judgment in lieu of division.

Mr. and Mrs. Murff had been married over 22 years at the time of the divorce hearing. They had a 21-year old daughter who attended college at the time. The wife was 46; the husband 47. Both spouses had worked full-time during their marriage. At the time of the divorce, the wife's annual gross salary was $14,750 or $1,229 per month; her net monthly take-home pay was $927 per month. The husband's annual gross salary was $26,715; his gross pay per month was approximately $2,200 from which deductions were made for taxes, in-

surance and retirement; however, taking into consideration the added "service incentive pay," the husband's gross pay per month was almost $3,000 per month. Both husband and wife were members of a pension plan with their employers.

▆ Mrs. Murff's first point of error is that the court of civil appeals erred in holding that the trial court could not consider fault in the breakup of the marriage in arriving at a "just and right" division of the community estate. We sustain this point, having recently ruled on the same question in *Young v. Young*, 609 S.W.2d 758 (Tex. 1980). We there held that in a divorce granted on a fault basis, the trial court may consider the fault of one spouse in breaking up the marriage when making a property division. In the instant case, the divorce was based upon both no-fault and fault grounds, thus *Young* is applicable. As we said in *Young*, however, "this does not mean that fault *must* be considered, only that it *may* be considered."

In her second point of error, Mrs. Murff attacks the holding of the court of civil appeals that the trial court erred in considering a disparity in the income of the spouses. The court of civil appeals has held that only the cure of the "necessitous circumstances" or "probable future necessities" may be considered in arriving at a just and right division.

▆ The Texas Family Code § 3.63 provides for the division of the parties' property upon divorce:

> In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

The trial court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923).

▆ Numerous courts of civil appeals decisions have recognized that a trial court may consider the disparity of incomes or of earning capacities of the parties in dividing the estate of the parties.[1] The cases cited

---

1. *Coote v. Coote*, 592 S.W.2d 52 (Tex.Civ.App.—Ft. Worth 1979, writ ref'd n.r.e.); *Erger v. Erger*, 590 S.W.2d 186 (Tex.Civ.App.—Ft. Worth 1979, writ dism'd); *Smith v. Smith*, 569 S.W.2d 629 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Bokhoven v. Bokhoven*, 559 S.W.2d 142 (Tex.Civ.App.—Tyler 1977, no writ); *Clay v. Clay*, 550 S.W.2d 730 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Smallwood v. Smallwood*, 548 S.W.2d 796 (Tex.Civ.App.—Waco 1977, no writ); *Benedict v. Benedict*, 542 S.W.2d 692 (Tex.Civ.App.—Ft. Worth 1976, writ dism'd); *Collins v. Collins*, 540 S.W.2d 497 (Tex.Civ.App.—Tyler 1976, no writ); *Dietz v. Dietz*, 540 S.W.2d 418 (Tex.Civ.App.—El Paso 1976, no writ); *Means v. Means*, 535 S.W.2d 911 (Tex.Civ.App.—Amarillo 1976, no writ); *Roberts v. Roberts*, 535 S.W.2d 373 (Tex.Civ.App.—Tyler 1976, no writ); *Garrett v. Garrett*, 534 S.W.2d 381 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Bell v. Bell*, 540 S.W.2d 432 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Cravens v. Cravens*, 533 S.W.2d 372 (Tex.Civ.App.—El Paso 1975, no writ); *Goren v. Goren*, 531 S.W.2d 897 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd); *Smoak v. Smoak*, 525 S.W.2d 888 (Tex.Civ.App.—Texarkana 1975, writ dism'd); *Cunningham v. Cunningham*, 515 S.W.2d 345 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Becknell v. D'Angelo*, 506 S.W.2d 688 (Tex.Civ.App.—Ft. Worth 1974, writ dism'd); *In re Jackson's Marriage*, 506 S.W.2d 261 (Tex.Civ.App.—Amarillo 1974, writ dism'd); *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd); *Maddox v. Maddox*, 489 S.W.2d 391 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Miller v. Miller*, 463 S.W.2d 477 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.); *Roye v. Roye*, 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, no writ); *Middlesworth v. Middlesworth*, 380 S.W.2d 790 (Tex.Civ.App.—Ft. Worth 1964, no writ); *Allen v. Allen*, 363 S.W.2d 312 (Tex.Civ.App.—Houston 1962, no writ); *Stanley v. Stanley*, 294 S.W.2d 132 (Tex.Civ.App.—Amarillo 1956, writ ref'd n.r.e.) cert. denied, 354 U.S. 910, 77 S.Ct. 1296, 1 L.Ed.2d 1428; *Ingham v. Ingham*, 240 S.W.2d 409 (Tex.Civ.App.—Amarillo 1951, mand. overr.); *Bush v. Bush*, 237 S.W.2d 708 (Tex.Civ.App.—Amarillo 1950, no writ); *Carter v. Carter*, 231 S.W.2d 791 (Tex.Civ.App.—Galveston 1950, no writ); *Venezia v. Venezia*, 227 S.W.2d 881 (Tex.Civ.App.—Galveston 1950, no writ); *Earnest v. Earnest*, 223 S.W.2d 681 (Tex.Civ.App.—Amarillo 1949, no writ); *Hendrick v. Hendrick*, 222 S.W.2d 281 (Tex.Civ.App.—Amarillo 1949, no writ).

in the margin recognize that community property need not be equally divided. In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). These cases further indicate that the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. We believe that the consideration of such factors by the trial court is proper in making a "just and right" division of the property. Likewise, the consideration of a disparity in earning capacities or of incomes is proper and need not be limited by "necessitous" circumstances. *Bokhoven, supra; Means, supra; Cooper, supra, Allen, supra.*

■ We next address Mrs. Murff's contention that the court of civil appeals erred in holding that the trial court's award of a money judgment for $7,500 to her was an abuse of discretion because it was not used as a "device to avoid fractionating items in the estate to be divided." We disagree with the court of civil appeals that the trial court abused its discretion. There was evidence that the wife had only $300 in funds on hand, but that the husband had substantial sums in savings before the separation that had disappeared by the time of trial. Some $1,400 of the money judgment represented unpaid court-ordered temporary alimony for the wife from the pendency of the divorce action prior to trial. We find no abuse of the trial court's discretion under these facts. *Garrett v. Garrett*, 534 S.W.2d 381 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *In re Marriage of Jackson*, 506 S.W.2d 261 (Tex.Civ.App.—Amarillo 1974, writ dism'd).

■ Mrs. Murff next complains of the holding of the court of civil appeals that the trial court should have considered the attorney's fees awarded her as a factor in achieving a just and right division of the property. In *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950), this court, in responding to a certified question, said:

In practical effect, a decree that the husband pay all of the wife's attorney's fees may be to award him less of the community estate than that awarded to the wife, but that alone does not condemn it. The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances.

We agree with the statement of the court of civil appeals in this case that it is not clear whether the award of attorney's fees to the wife was taken into consideration by the trial court; however, there is likewise no indication in the trial court's judgment, findings of fact or conclusions of law that it did not take them into consideration in making its division. The failure to list the attorney's fees as "property" in the list of property awarded to the wife is no indication that they were not considered in the division, only that it was not considered "property." In either event, in applying the *Carle* standard, we find no abuse of discretion in awarding to the wife her attorney's fees under the circumstances of this case.

■ Mrs. Murff's next point is that the court of civil appeals incorrectly found an abuse of discretion in the trial court's failure to identify the separate property of the parties and determine any charges against such property for advances and improvements by the community estate. All of the property claimed as separate property by the husband was awarded to him, and we fail to perceive how the court of civil appeals could have concluded that he had been harmed by any such failure. Any error on the part of the trial court was harmless. Tex.R.Civ.P. 434.

■ Finally, we consider Mrs. Murff's contention that the trial court correctly evaluated the pension plans of the parties

and did not abuse its discretion in awarding each the anticipated benefits of these respective plans. The wife had been with her employer for 9 years and 11 months at the time of trial; ten years was required to vest her retirement rights. Prior to July 1, 1972, she had contributed to the employer's annuity plan from which she would receive $15.21 per month upon retirement at age 65. Since that date, she has contributed to a new retirement fund which would pay her an additional $344 per month upon retirement at age 65. The employer's insurance company placed a value of $2,500.55 on the annuity and $44,410 on the retirement.

The husband, on the other hand, could retire at age 55 and draw $651.30 per month, or substantially more than that if he waited until age 65. He had $9,420 in contributions to the fund which he could withdraw if his employment terminated. An actuarial consultant testified that based on retirement at age 60, his retirement had a present value of $68,667, using the Group Annuity Mortality Table, and $62,933, using the U.S. (Census) Life Table. Assuming retirement at age 55, the values were $61,-872 and $58,729.

In its findings of fact, the trial court placed a present value of $58,700 on the husband's retirement and $8,000 on the wife's retirement. Although the method of interpolation used by the trial court in determining the value of the wife's retirement is not shown, it is clear that the value of the husband's retirement far exceeded that of the wife's. The husband could retire at age 55 at a much greater amount than the wife could at age 65. The trial court was not bound by the valuation placed on her retirement by the insurance company but could evaluate the pension plans under the circumstances based upon the differences in benefits in the plans, the amounts of contributions paid in and by whom, the expectancy of receiving the benefits, and other relevant information. The conclusion of the court of civil appeals that the wife's retirement was valued at the *current* value of the benefits but the husband's retirement was valued at the *potential* value of the benefits is without support

in the record. The trial court in its findings of fact even measured the division of the property using the higher value for the wife's retirement and found the division would award the wife far less than the 65% division of the total property she had requested. Using either the $8,000 figure or the sum of $2,580.55 and $44,510 as the value of the wife's retirement, we hold that the trial court did not abuse its discretion in its division.

The trial court in a divorce case has the opportunity to observe the parties on the witness stand, determine their credibility, evaluate their needs and potentials, both social and economic. As the trier of fact, the court is empowered to use its legal knowledge and its human understanding and experience. Although many divorce cases have similarities, no two of them are exactly alike. Mathematical precision in dividing property in a divorce is usually not possible. Wide latitude and discretion rests in these trial courts and that discretion should only be disturbed in the case of clear abuse.

Accordingly, the judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.