TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00132-CV






Larry Stovall, Appellant



v.



Barbara Stovall, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 12,211, HONORABLE GUILFORD JONES III, JUDGE PRESIDING







 Appellant Larry Stovall contests the disposition of property in a divorce decree
rendered by a trial court, asserting that the court erred in admitting evidence of a prior agreement
between the parties regarding the disposition of marital property, erred in admitting evidence to
modify the agreement, and erred in making an unreasonably disproportionate division of the property
between the spouses. We will affirm the judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND


 Appellee Barbara Stovall filed for divorce February 1, 2000. Appellant filed a
counter petition March 16, 2000. In March of 2000, the parties and their attorneys met to take
appellant's deposition. Instead, at the meeting the parties reached an agreement regarding the
division of their community property. Appellant and appellee agreed to sell their house and
surrounding property for a price that would net appellee a certain sum. The agreement was dictated
to a court reporter, the parties agreed to the division of the property under oath, and the court reporter
signed the record of the proceeding. Appellee's attorney then drafted a written agreement based on
the terms dictated to the court reporter, appellant's attorney suggested minor changes, and appellee's
attorney drafted a revised agreement incorporating the changes. No written agreement was ever
signed by appellant, appellee, or their attorneys. Appellant submitted one sales contract to the
appellee for the sale of the property; however, she refused to sign the contract. In June, the court
referred the case to mediation, but no agreement was reached. In October, the property was sold for
an amount less than that offered under the sales contract rejected by appellee.

 On October 20, 2000, the case went to trial. Both parties testified and tendered
evidence for the trial court's consideration. The court admitted evidence of the parties' previous
agreement. The court also admitted evidence regarding circumstances during the period between
March 28th and the date of trial. Appellee then moved for entry of judgment, which was granted. 
After the divorce decree was signed, appellant filed a motion for new trial, which was denied. At
appellant's request, the trial court filed its findings of fact and conclusions of law.


DISCUSSION


 In his first three issues, appellant complains that the trial court erred in admitting
evidence of the March agreement because the agreement is not enforceable. (1) Appellant's complaint
on these issues rests on his central position that the trial court erred by enforcing the agreement rather
than exercising its discretion in dividing their property. We will assume arguendo that the
agreement was unenforceable because the trial court specifically concluded that it could not enforce
the agreement. Appellant directs our attention to a comment in the record indicating that the trial
judge intended to enforce the agreement. For purposes of our review, we look to the court's written
findings, conclusions, and judgment to determine error. Even considering the court's statement,
however, we cannot read that comment in a vacuum. In conclusion of law number seven, the trial
judge specifically stated: "The agreement is a binding obligation of the parties that was never
rescinded. However, the Court concludes that the same is not enforceable in the instant cause under
the state of the pleadings." (Emphasis added.) Furthermore, the judge attempted to clarify any
misunderstanding on this issue in the hearing on the motion for entry of judgment. In speaking to
appellant's counsel, the judge stated:


 Well, let me--clarify one thing and the Court's intent in that regard so that
you're not misled . . . . It was the Court's intent to make the division in accordance
with the agreement, not necessarily enforcing the agreement per se. I took to heart
your complaint that there was no action to enforce a breach of contract situation.


 It was merely the Court's feeling that if that was agreed at one point to be a
fair division by the parties, the Court would divide it in accordance with that.


 . . . .


 To reiterate, it was the Court's intent and remains the Court's intent to divide
the assets and liabilities in accordance with the spirit of the parties' agreement of
March 28, 2000, while not at all intending to enforce a contractual agreement or to
give a breach of contract remedy, which was not pled for.



(Emphasis added.) Appellant does not explain how admitting the agreement into evidence
constitutes error and cites no authority for that proposition. Because the trial court clearly indicated
that it was not enforcing the agreement, we need not reach the issue of whether the agreement was
enforceable, and because appellant does not explain how the court erred in admitting the agreement
into evidence in this context, that issue has not been presented for review. Accordingly, we
overrule appellant's first three issues.

 In appellant's fourth issue, he complains that the trial court erred in admitting
evidence to modify the agreement. Because the court was not enforcing this agreement, the court
was within its discretion in accepting evidence of circumstances other than the circumstances
surrounding the agreement. In fact, the court was required to receive evidence in order to divide
the community estate in a manner that the court deemed just and right. See Tex. Fam. Code Ann.
§ 7.001 (West 1998). Appellant's fourth issue is overruled.

 In appellant's fifth issue, he complains that the trial court erred in making an
unreasonably disproportionate division of the marital property. By statute, a trial court has broad
discretion to divide the parties' community estate "in a manner that the court deems just and right."
Id. The division of the estate is not required to be equal, and the court may weigh many factors in
reaching its decision. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981). A party who complains
of the court's division of property must be able to demonstrate from the record that the division was
not just and right; in fact, the party must show the division was so unjust and unfair that it
constitutes an abuse of discretion. Pletcher v. Goetz, 9 S.W.3d 442, 446 (Tex. App.--Fort Worth
1999, pet. denied). As the reviewing court, we will indulge every reasonable presumption in favor
of the trial court's proper exercise of discretion, and we will not disturb this discretion on appeal
unless a clear abuse is shown. Id.; Murff, 615 S.W.2d at 698-99. The test for whether the court
abused its discretion is whether the court acted arbitrarily, unreasonably, or manifestly unfairly. 
Pletcher, 9 S.W.3d at 446; Mann v. Mann, 607 S.W.2d 243, 245 (Tex. 1980). Appellant asserts that
the court engaged in no actual assessment of a just and right division of the property or debts in the
present case; rather, he contends the court merely enforced the agreement and filled in the blanks
as needed.

 In reviewing the record in this case, we note that the trial judge expressly found in
finding of fact number 12: "The Agreement reflected in Petitioner's Exhibit 2 [the second
agreement drafted by appellee's attorney based on changes submitted by appellant's attorney] was
a reliable indication of what the parties believed was a fair and equitable division of their
community estate." In addition, in conclusion of law number nine, he stated: "No evidence was
presented regarding why the Agreement of the parties was not a just and right division of the
property and debts as of October 20, 2000."

 The testimony at trial indicated that appellant entered into the agreement in March
of his own free will. Furthermore at trial, when asked whether he intended to perform under the
agreement when he entered into it, appellant testified: "Sure, I did in March, you bet or I wouldn't
have done it." The court is entitled to interpret this statement as an admission that as of March,
appellant believed the agreement represented a just and right division of the property. On March
28, 2000, appellant was satisfied with the property division; on October 20, 2000, at trial, he was
not. That does not mean the property division ordered by the trial court was not just and right. The
court was within its discretion in concluding that appellant's testimony provided evidence that the
agreement in March was a basis for the beginning of a just and right division of the property.

 In addition to appellant's testimony, we note a comment made by appellant's counsel
in the hearing on the motion for entry of judgment. In addressing his complaints about the proposed
divorce decree to the trial court, appellant's counsel stated:

 My second major complaint--having talked about no pleading--my second
major complaint with this divorce decree is the Court will remember that it rendered
judgment based on the agreement. It did not go through, as this divorce says, and
make a fair and equitable distribution of the property. And I'm not saying that the
ultimate division you made was not fair. I'm just simply saying there's nothing in
this decree that says I am enforcing the March 28th agreement of the parties.



(Emphasis added.) We do not consider this comment as evidence that the division of property in
the present case was fair. Rather, it indicates appellant's misunderstanding of the standard of
review that we must apply. If the ultimate division of the property made by the court was fair,
appellant cannot show and we cannot hold that the court abused its discretion.

 Finally, we note that the trial court, in fact, modified the terms of the March
agreement to ensure that the Stovalls' community estate was divided in a just and right manner. 
In other words, the trial court did not slavishly adhere to the terms of the agreement; rather, having
found the agreement to be a just and right division of the property as of March 28, 2000, the court
may have used the terms of the agreement as the underlying basis for the division of the property. 
Nevertheless, the record shows that the court modified those terms as required by the facts and the
evidence presented to achieve the ultimate just and right division of the estate as prescribed by
statute.

 The trial court made specific findings of fact and conclusions of law regarding the
evidence presented in this case. The court found the evidence was a reliable indicator of a fair and
equitable division of the parties' property and concluded that no evidence was presented to
undermine this finding. The court heard testimony from appellant that he readily assented to the
agreement when it was made. Appellant's attorney did not dispute that the division of the property
was fair. In accordance with its duty, the court modified the terms of the earlier agreement in
accordance with the facts presented at the hearing on the merits to ensure the division of the
property was just and right. Having considered all of these facts, we hold the trial court properly
exercised its discretion and did not act arbitrarily, unreasonably, or manifestly unfairly in dividing
the community estate of appellant and appellee.

 Finally, appellant does not demonstrate how the trial court abused its discretion, in
what manner the court erred in dividing the community estate, or in what regard the division of
property was unfair, unjust, or unreasonably disproportionate. Absent such a showing, appellant
cannot meet his burden to show that the division of property requires a reversal. Pletcher, 9 S.W.3d
at 446.

 Because we cannot hold that the trial court abused its discretion, we overrule
appellant's final issue and affirm the trial court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: January 31, 2002

Do Not Publish

1. Appellant provides three bases for this assertion: (1) the agreement does not comply with rule
11, see Tex. R. Civ. P. 11; (2) the agreement was not supported by the Petitioner's (appellee's)
pleadings; and (3) the agreement had been repudiated by appellant.