# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00461-CV

**Ronnie Jean Davis, Sr., Appellant**

**v.**

**Lisa T. Davis, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
## NO. 212,289-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In three issues, appellant Ronnie Gene Davis, who is incarcerated and acting pro se, challenges a divorce decree dissolving the marriage between himself and appellee Lisa T. Davis. He contests the trial court's exclusion of evidence and its property division between the parties. Finding no error in the trial court's ruling, we affirm the judgment.

Ms. Davis's original petition for divorce was filed on August 16, 2005. Mr. Davis failed to appear at trial and the divorce decree was signed. After the trial court granted a motion for new trial in January 2006, the court set a hearing for June 5, 2006. Mr. Davis appeared at the hearing by telephone.

As a result of the hearing, the trial court granted the divorce and judgment was rendered on July 13, 2006. The parties were awarded the household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, equipment, clothing, jewelry, and other personal

effects in their possession or subject to their sole control; cash or funds in their sole names or from which they have the sole right to withdraw funds; retirement and pension plans, and other benefits existing from their individual employments; and life insurance policies insuring their individual lives. Mr. Davis was also awarded his tools, an eighteen-foot boat and trailer, and a van motor vehicle. Ms. Davis was awarded an Oldsmobile Cutlass motor vehicle. The trial court confirmed as Ms. Davis's separate property land consisting of 0.126 acre of land located at 204 Martin Luther King Drive, Temple, Texas.

In his statement of facts on appeal, Mr. Davis described his marriage to Ms. Davis, who was twenty years younger and whom he married seven days after meeting her on March 6, 2003. Mr. Davis alleges that she abandoned him eight months after they married and that she obtained a quitclaim deed for the Temple property from him through fraud. In three points of error, Mr. Davis primarily complains that the trial court abused its discretion in the division of community property. Specifically, Mr. Davis complains that it is unreasonable for Ms. Davis to receive community property, and particularly the Temple property, after only eight months of marriage. He also urges that she obtained the property through fraud by having him sign the deed over to her and therefore the court erred in excluding his mental health history, i.e., that he was receiving veterans' benefits because he was 100% disabled, to support his claim. He also urges that the trial court erred in not allowing discovery he requested.[1]

---

[1] The record shows that Mr. Davis filed a request for discovery of the "original lease agreement and the date of deposit for her separate resident's [sic] in the Glenn Apartments, Temple, Texas." There is no showing that Mr. Davis set the motion for a hearing or otherwise followed up on this request. He therefore has not preserved error on this point.

The family code requires the trial court to divide the estate of the parties in a manner that is just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (West 2006); *see Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex. 1977). We review property division issues for abuse of discretion. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). The trial court has broad discretion in dividing the marital estate at divorce. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). We must presume that the trial court exercised it properly and may not alter the division unless the complaining party establishes a clear abuse of the trial court's discretion. *Id*. at 699-700.

All property on hand at the dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West 2006). This is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish their separate character by clear and convincing evidence. *Id*. § 3.003(a)-(b). The trial court specifically found that the Temple property was the separate property of Ms. Davis and the record shows the admission of a quitclaim deed supporting the court's confirmation.

Except for a reference to the quitclaim deed offered into evidence by Ms. Davis, there is no other evidence in the record. There is no transcript of the hearing. Without any controverting evidence as to the characterization of the Temple property, Mr. Davis failed to carry his burden to successfully challenge the property characterization. There is no evidence in the record to support Mr. Davis's arguments or that any of the issues are preserved for review. We therefore cannot say that the trial court abused its discretion in its division of property or in its exclusion of evidence. We overrule appellant's points of error.

3

Having found no reversible error, we affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   September 12, 2007

4