TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00461-CV






Ronnie Jean Davis, Sr., Appellant


v.


Lisa T. Davis, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 212,289-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING



 

 M E M O R A N D U M O P I N I O N

 

 In three issues, appellant Ronnie Gene Davis, who is incarcerated and acting pro se,
challenges a divorce decree dissolving the marriage between himself and appellee Lisa T. Davis. 
He contests the trial court's exclusion of evidence and its property division between the parties. 
Finding no error in the trial court's ruling, we affirm the judgment.

 Ms. Davis's original petition for divorce was filed on August 16, 2005. Mr. Davis
failed to appear at trial and the divorce decree was signed. After the trial court granted a motion
for new trial in January 2006, the court set a hearing for June 5, 2006. Mr. Davis appeared at the
hearing by telephone.

 As a result of the hearing, the trial court granted the divorce and judgment
was rendered on July 13, 2006. The parties were awarded the household furniture, furnishings,
fixtures, goods, art objects, collectibles, appliances, equipment, clothing, jewelry, and other personal
effects in their possession or subject to their sole control; cash or funds in their sole names or from
which they have the sole right to withdraw funds; retirement and pension plans, and other benefits
existing from their individual employments; and life insurance policies insuring their individual
lives. Mr. Davis was also awarded his tools, an eighteen-foot boat and trailer, and a van motor
vehicle. Ms. Davis was awarded an Oldsmobile Cutlass motor vehicle. The trial court confirmed
as Ms. Davis's separate property land consisting of 0.126 acre of land located at 204 Martin Luther
King Drive, Temple, Texas.

 In his statement of facts on appeal, Mr. Davis described his marriage to Ms. Davis,
who was twenty years younger and whom he married seven days after meeting her on March 6, 2003. 
Mr. Davis alleges that she abandoned him eight months after they married and that she obtained a
quitclaim deed for the Temple property from him through fraud. In three points of error, Mr. Davis
primarily complains that the trial court abused its discretion in the division of community property. 
Specifically, Mr. Davis complains that it is unreasonable for Ms. Davis to receive community
property, and particularly the Temple property, after only eight months of marriage. He also urges
that she obtained the property through fraud by having him sign the deed over to her and therefore
the court erred in excluding his mental health history, i.e., that he was receiving veterans' benefits
because he was 100% disabled, to support his claim. He also urges that the trial court erred in not
allowing discovery he requested. (1)

 The family code requires the trial court to divide the estate of the parties in a manner
that is just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001
(West 2006); see Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex. 1977). We review property
division issues for abuse of discretion. Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998). 
The trial court has broad discretion in dividing the marital estate at divorce. Murff v. Murff,
615 S.W.2d 696, 698 (Tex. 1981). We must presume that the trial court exercised it properly and
may not alter the division unless the complaining party establishes a clear abuse of the trial court's
discretion. Id. at 699-700.

 All property on hand at the dissolution of marriage is presumed to be community
property. Tex. Fam. Code Ann. § 3.003(a) (West 2006). This is a rebuttable presumption, requiring
a spouse claiming assets as separate property to establish their separate character by clear and
convincing evidence. Id. § 3.003(a)-(b). The trial court specifically found that the Temple property
was the separate property of Ms. Davis and the record shows the admission of a quitclaim deed
supporting the court's confirmation.

 Except for a reference to the quitclaim deed offered into evidence by Ms. Davis, there
is no other evidence in the record. There is no transcript of the hearing. Without any controverting
evidence as to the characterization of the Temple property, Mr. Davis failed to carry his burden to
successfully challenge the property characterization. There is no evidence in the record to support
Mr. Davis's arguments or that any of the issues are preserved for review. We therefore cannot say
that the trial court abused its discretion in its division of property or in its exclusion of evidence. We
overrule appellant's points of error.

 Having found no reversible error, we affirm the judgment of the trial court.



 _________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: September 12, 2007





1. The record shows that Mr. Davis filed a request for discovery of the "original lease
agreement and the date of deposit for her separate resident's [sic] in the Glenn Apartments, Temple,
Texas." There is no showing that Mr. Davis set the motion for a hearing or otherwise followed up
on this request. He therefore has not preserved error on this point.