# CONCURRING OPINION

No. 04-10-00561-CV

Dalal Hibri **MONROE**,
Appellant

v.

David Allen **MONROE**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-12444
Honorable Peter Sakai, Judge Presiding

Opinion by:    Marialyn Barnard, Justice
Concurring Opinion by: Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  September 7, 2011

I concur in the judgment of the majority.  I write separately, however, to address the issue of whether the parties' premarital and marital agreements should have restricted the trial court's exercise of discretion in dividing the marital estate.  In addressing this issue I am mindful that the trial court enjoys broad discretion in dividing the parties' estate.  *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981).

In addition to the evidentiary arguments discussed in the majority opinion, Dalal contends the trial court abused its discretion in rendering a division of property that undermines or nullifies the premarital and marital agreements signed by the Monroes.  Dalal notes that such marital agreements are permitted by both the Texas Constitution and the Texas Family Code, and are binding and enforceable under Texas law.  *See* TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. §§ 4.202, 4.205 (West 2006).  Dalal contends the trial court divided the property

disproportionately in an effort to balance or cure what the court saw as an inequitable situation caused by David's conversion of his separate property into community property. Dalal further argues that using equitable principles to overcome the effect of enforceable negotiated agreements circumvents the law related to marital property agreements, defeats the state's public policy regarding enforcement of such agreements, and constitutes an abuse of discretion.

At first blush Dalal's argument appears compelling. David unsuccessfully contested the enforceability of the premarital and marital agreements. His decision to convert his separate property into community property was freely made, even if made under a self-described spell of "reckless . . . love." But David should not be released from the effects of his negotiated agreements just because his love for Dalal was not reciprocated. If the record showed no more than a spell of reckless love that ultimately dissipated and the trial court's effort to soften that blow, then there might be merit to Dalal's claim that the court abused its discretion. The record, however, shows much more.

As noted by the majority, Dalal challenges six of the trial court's findings of fact. It is likewise important to note the many findings of fact *not* challenged by Dalal. Among some of the unchallenged findings of fact are the following:

6. The husband's separate estate was almost completely depleted as a result of the parties' marriage.

7. The wife did not contribute any of her separate property to the community estate.

8. The community estate did not increase in value as a result of any effort by the wife.

9. Both parties came into the marriage with debts, and wife's debts were paid off during the marriage, but the husband's debts are still unpaid.

***

15.     There is no credible, probative evidence of the fair market value of the stock of Telesis Group, Inc.  However, according to the testimony of Dalal Monroe, the value of Telesis Holdings, Inc. is $4.4 million dollars, and the Court finds the value of Telesis Holdings, Inc. is $4.4 million dollars.

Other significant findings of fact unchallenged by Dalal address: (1) the financial instability of e-Watch, Inc. and e-Watch of Nevada, Inc.; (2) the minimal value of Telesis Group, Inc. stock if David is not personally involved in the operation of the companies owned by the corporation; and (3) the contingent liabilities (in an unknown amount) pertaining to the various corporations, all of which are assessed against David.  It is against this backdrop of unchallenged findings that Dalal's contention must be viewed.

By the express terms of the marital agreements, the parties are estopped from claiming upon divorce that the property converted into community property is in fact separate property. Their agreements do not state, however, that upon divorce the trial court could not consider the genesis of the community estate as one of the many factors a trial court generally reviews in ordering a just and right division of the marital estate.  Clearly the trial court did consider the genesis of the community estate, but it also considered much more: Dalal's separate debt was extinguished during the marriage, but David's was not; the community estate was increased by David's efforts, but not by any efforts by Dalal; the success of the various corporations brought into the community estate by David depended upon his participation; and several of the corporations were financially unsound with significant debt, all of which was assessed against David in the property division.

Based on these facts, which are supported by the record, I do not believe this court can conclude that the trial court rendered a disproportionate division in favor of David to offset the effect of the marital property agreements.  Simply put, it was Dalal's burden to establish an abuse of discretion, and she has failed to do so.  *See Garza v. Garza*, 217 S.W.3d 538, 549 (Tex.

App.—San Antonio 2006, no pet.) (stating two-prong test for review of the sufficiency of evidence to support trial court's division of the marital estate). In another case, under another set of facts, an appellate court may well conclude that a trial court's discretion is restricted in some fashion by the terms of a marital property agreement. But in this case, Dalal has failed to establish that the trial court impermissibly undermined the marital agreements in rendering the property division.

For these reasons, I concur in the judgment affirming the trial court's final decree of divorce.


Catherine Stone, Chief Justice