

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00153-CV

ALLEN MAKI
APPELLANT

V.

BEVERLY ANDERSON[1] AND
MARK C. LANE
APPELLEES

----------

## FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 231-524370-12

----------

## MEMORANDUM OPINION[2]

----------

Pro se Appellant Allen Maki appeals from a final decree of divorce. We will affirm.

----

[1]We used a fictitious name for Appellee Beverly Anderson in a prior appeal involving Appellant Allen Maki. *See Maki v. Anderson*, No. 02-12-00513-CV, 2013 WL 4121229 (Tex. App.—Fort Worth Aug. 15, 2013, pet. denied) (mem. op.). We use the same name in this appeal.

[2]*See* Tex. R. App. P. 47.4.

Maki met Anderson on the Internet and traveled to Morocco, where Anderson lived, to marry her. Several weeks after the June 2011 wedding, Maki returned to his home in Arlington to begin the immigration process for Anderson. Anderson arrived in Texas about a year later, on June 1, 2012, and soon began experiencing problems in her relationship with Maki—according to Anderson, he cussed and screamed at her, hit her, raped her on at least one occasion, threatened to send her back to Morocco, and complained about a medical condition that she had.[3] On July 12, 2012, Anderson, who was very sick, called the police after Maki kicked her out of the house. An ambulance took Anderson to the hospital, where she had surgery for appendicitis. Maki and Anderson ceased living together on or about July 15, 2012.

Maki filed a petition to annul the marriage, and Anderson filed a petition for divorce. The trial court later entered a protective order against Maki, finding that family violence had occurred, and the associate judge ordered Maki to pay Anderson temporary spousal support in the amount of $650 per month. The annulment and divorce actions were consolidated, and a final bench trial took place in April 2013.[4] The trial court signed a final decree of divorce in May 2013 that, among other things, denied Maki's suit for annulment, granted the divorce,

---

[3]Maki took Anderson to the hospital in late June 2012 and told a nurse that he was unable to have sex with Anderson. The nurse diagnosed Anderson with physiological vaginismus, a condition in which the pelvic floor muscles contract involuntarily, and recommended a course of treatment for her.

[4]Maki represented himself. Appellee Mark C. Lane intervened to recover attorneys' fees that Maki owed him from prior representation.

confirmed as Maki's separate property his residence and vehicle, divided the community estate, and entered a judgment against Maki and in favor of Anderson for $3,250 in past-due spousal support.

Maki argues in his first issue that the trial court erred by characterizing bedroom furniture that he had purchased from Freed's as community property.

Property possessed by either spouse during or on dissolution of the marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West 2006). To overcome the community property presumption, the burden is on the spouse claiming certain property as separate to trace and clearly identify the property claimed to be separate. *Estate of Hanau v. Hanau*, 730 S.W.2d 663, 667 (Tex. 1987); *see* Tex. Fam. Code Ann. § 3.003(b) (providing that degree of proof necessary to establish that property is separate is clear and convincing evidence).

The evidence at trial was undisputed that Maki had purchased the bedroom furniture during the marriage, but he made no effort to trace the source of the funds used to make the purchase. Maki contends that the furniture is separate property because he used separate funds to make the down payment, but he offered no such evidence at trial.[5] Maki consequently failed to overcome the community property presumption, and the trial court did not err by not

---

[5]Even if there was evidence that Maki used separate funds to make the purchase, mere testimony that property was purchased with separate-property funds, without tracing, is generally insufficient to rebut the community property presumption. *See Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

characterizing the bedroom furniture as Maki's separate property. We overrule this part of Maki's first issue.

Maki appears to argue in another part of his first issue that the trial court should have characterized a gold bar that he had purchased during marriage as his separate property, but he testified at trial that he had sold the gold bar, and the divorce decree does not award the gold bar or any funds derived from the sale thereof to Anderson. We overrule this part of his first issue.

Maki argues in another part of his first issue that the trial court erred by awarding Anderson a judgment for unpaid spousal support in the amount $3,250. He contends that the award is improper because he filed an appeal of the associate judge's ruling ordering him to pay the spousal support, but the hearing on the appeal never took place. Maki raised this issue at the final trial, and the trial court explained that the hearing on his appeal had been reset and scheduled for the final trial. Thus, the issues that he had planned to raise in his appeal would be considered—and indeed were considered—by the trial court at the final trial.

Maki also argues that the award for spousal support is erroneous because he was never served with Anderson's amended petition, which requested for the first time that she be paid temporary support. The record contains no information about whether Maki was served with the amended petition. Nonetheless, Maki had notice of Anderson's request for temporary support long before the final trial; he filed an appeal five days after the associate judge ordered him to pay support

4

in December 2012. Moreover, Maki did not raise any objection at the final trial that he had not received proper service or that he was somehow surprised or prejudiced by the claim; he acknowledged that he had not paid the ordered support; Anderson testified that although ordered to do so, Maki had not made the monthly $650 support payments for December 2012 and January, February, March, and April 2013; and Anderson asked the court to require Maki to pay those sums. Thus, even if we treated Anderson's temporary support claim as not properly pleaded, at a minimum, the spousal-support issue was tried by consent. *See* Tex. R. Civ. P. 67; *Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 309 (Tex. App.—Dallas 2006, no pet.) ("To determine whether an issue was tried by consent, the reviewing court must examine the record, not for evidence of the issue, but rather for evidence of trial of the issue."). We overrule this part of Maki's first issue.

In part of his first issue and in his sixth issue, Maki challenges the trial court's division of the community estate. The trial court shall order a division of the parties' estate in a manner that the court deems just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (West 2006). The property division need not be equal, but it must be equitable, and a trial court may consider numerous factors when dividing the marital property, including the spouse's capacities and abilities, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, and the

5

probable need for future support. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). The trial court has broad discretion in dividing the community estate, and that division should be corrected only when an abuse of discretion has been shown. *Id.* at 698.

With the exception of the bedroom furniture from Freed's, the trial court awarded Maki "[a]ll household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment" in his possession or subject to his control and "[a]ll clothing, jewelry, and other personal effects" in his possession or subject to his control. In addition to the bedroom furniture from Freed's, the trial court awarded Anderson "[a]ll household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment" in her possession or subject to her control and "[a]ll clothing, jewelry, and other personal effects" in her possession or subject to her control. The trial court also awarded Anderson, and ordered Maki to turn over to her, a number of personal items that belonged to Anderson, including prayer clothes, family pictures, shoes, and makeup. Maki complains that the trial court did not divide the community debt, but the decree ordered Maki to pay all debts and other obligations that he had incurred after July 15, 2012, and ordered Anderson to pay all debts and other obligations that she had incurred after July 15, 2012.

Regarding the *Murff* factors, the evidence shows that Maki owns a home that is paid off, that he owns a car, that he has a job, and that he speaks English. Anderson, on the other hand, is unemployed, does not speak English (but is

6

going to school to learn it), is staying at SafeHaven, and owes over $22,000 in medical bills from her surgery. She testified that she would be in danger if she returned to her family in Morocco because Maki had said bad things about her to her brother, who lives there.

We hold that the trial court did not abuse its discretion in dividing the community estate. We overrule the remainder of Maki's first issue and his sixth issue.

Maki asserts the following arguments in his second, third, fourth, and fifth issues: "Whether there is prejudice against appellant and the court favors the lawyer over the pro se, just because the lawyer is an officer of the court"; "Whether the Court can issue judgments without hearings and motions can remain in the Court records without disposition"; "Whether the duration of marriage be calculated from the date of marriage to the date of separation or by the number of the days the parties spent together"; and "Whether Appellant's income exceed what he stated." Unlike in his first and sixth issues, which we addressed above, Maki does not support his second through fifth issues with even one citation to any relevant authority. Accordingly, those issues are inadequately briefed and, therefore, waived. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "long-standing rule" that

7

issue may be waived due to inadequate briefing). We overrule Maki's second, third, fourth, and fifth issues.

Maki filed a motion arguing that Lane should be sanctioned for filing a motion for extension of time to file his brief. Lane explained to the court that he did not initially file a brief because Maki did not raise any argument in his opening brief about Lane's attorneys' fees, we accepted Lane's reasonable explanation, and he proceeded to file a brief. Sanctions are inappropriate under these circumstances. We deny Maki's motion for sanctions.

Having overruled all of Maki's issues, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED: August 7, 2014

8