

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00100-CV
_____

UBALDO SUAREZ, JR., APPELLANT

V.

YOLANDA CHACON, APPELLEE

On Appeal from County Court at Law Number 2
Potter County, Texas
Trial Court No. 88,139-2; Honorable Pamela Sirmon, Presiding

October 23, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Ubaldo Suarez, Jr., appeals from the trial court's *Final Decree of Divorce* from Appellee, Yolanda Chacon.  By a single issue, he contends the trial court erred by awarding the marital residence solely to Yolanda in lieu of dividing the property "on a 50/50 basis."  We affirm.

BACKGROUND

The parties entered into a common law marriage in 1995 and had four children, two of whom were minors at the time of the divorce. In 2015, they ceased living together as husband and wife. Yolanda filed suit for divorce in February 2016, and alleged insupportability as well as adultery.

At the hearing on the divorce petition, counsel for both parties announced that the parties agreed to the divorce and custody issues, as well as the division of their personal property and a timeshare but disagreed on division of the marital residence. In her answers to interrogatories, Yolanda suggested the home be sold and that the proceeds be divided. Ubaldo's counsel asked for a fifty/fifty split of the proceeds.

At the conclusion of the testimony, the trial court granted the divorce but reserved division of the property to review the evidence, which included other property and two businesses. As relevant to this appeal, the trial court awarded the marital residence solely to Yolanda in the divorce decree. Ubaldo appealed and limited his argument solely to the award of the marital residence to Yolanda.

STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's division of the marital estate for abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981). Generally, there is no abuse of discretion where there is some evidence of a substantive and probative character to support the trial court's decision. *In the Marriage of Vick*, No. 07-15-00019-CV, 2016 Tex. App. LEXIS 11975, at *3 (Tex. App.—Amarillo Nov. 3, 2016, no pet.) (mem. op.). In dividing the marital estate, the trial court has broad discretion and we must presume that

2

it exercised that discretion properly. *Murff*, 615 S.W.2d at 698-99. Thus, "the appellant bears the burden to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion." *Sullivan v. Lepage-Sullivan*, 07-15-00081-CV, 2017 Tex. App. LEXIS 667, at *8 (Tex. App.—Amarillo Jan. 25, 2017, no pet.) (mem. op.) (citing *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.).

Regarding division of the marital estate, the trial court's division must be just and right, having due regard for the rights of each party and the children. TEX. FAM. CODE ANN. § 7.001 (West 2006). While the division of the marital estate must be equitable, it does not have to be mathematically equal. *Hrncirik v. Hrncirik*, No. 05-15-00001-CV, 2016 Tex. App. LEXIS 9661, at *6 (Tex. App.—Amarillo Aug. 30, 2016, no pet.) (mem. op.).

ANALYSIS

Ubaldo's entire argument on appeal is as follows:

> Consistent with about one-half of the marriages in this State, this one ended in divorce. There is plenty of blame for both parties, but they have both moved on. The only issue tried below was the split of the marital home. The Trial Court erroneously awarded the entire marital home to [Yolanda]. There was no evidence at trial to support anything other than a [sic] equal division of the marital home.

Without citation to any authority or any references to the record, Ubaldo relies solely on the above-quoted argument. The Texas Rules of Appellate Procedure require adequate briefing. *See* TEX. R. APP. P. 38.1(i) (requiring a brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). There is no citation to any authority to support Ubaldo's no-evidence contention.

3

An issue that is not adequately briefed is waived for consideration on appeal. *See ERI Consulting Eng'rs*, *Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010).

Furthermore, notwithstanding Ubaldo's inadequate briefing, an abuse-of-discretion standard is difficult to overcome without a showing that the trial court's decision was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Because neither the record nor the briefing contains sufficient information from which a fact finder could value the community estate otherwise divided by agreement, it would be impossible for this court to determine whether the award of the marital residence was inequitable, unjust, unreasonable, disproportionate, or an abuse of discretion. Therefore, considering the division of the marital residence alone, we cannot say the trial court erred in the overall division of the community estate. Ubaldo's sole issue is overruled.

CONCLUSION

The trial court's *Final Decree of Divorce* is affirmed.

Patrick A. Pirtle
Justice