Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00925-CV

Joe Gilbert **YOUNG**, Jr.,
Appellant

v.

Jamie Michelle Lemons **YOUNG**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03796
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:     Catherine Stone, Chief Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: September 2, 2009

AFFIRMED

Joe Gilbert Young, Jr. appeals the trial court's judgment granting a divorce and dividing the community estate. We affirm the judgment of the trial court.

Joe and Jamie were married on March 15, 2002. On February 17, 2004, Joe was incarcerated and currently remains in prison. Jamie filed for divorce in 2008; Joe subsequently filed a counterpetition for divorce. After a bench trial at which both Joe and Jamie appeared and testified,

the trial court granted the divorce and divided what remained of the community property. Joe, appearing pro se, raises eleven issues on appeal. Many of Joe's complaints are not briefed,[1] and therefore we need not consider them on appeal. *See* TEX. R. APP. P. 38.1(i); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied) (holding that a pro se litigant is held to the same standards as licensed attorneys and that an appellate issue unsupported by argument or citation to any legal authority presents nothing for the appellate court to review). We are also unable to address Joe's complaint that Jamie failed to deliver certain personal property to his mother as ordered in the divorce decree because Joe failed to file a motion for enforcement with the trial court as contemplated by section 9.009 of the Family Code. *See* TEX. FAM. CODE ANN. § 9.009 (Vernon 2006). Accordingly, these issues are overruled.

The remainder of Joe's complaints relate to the trial court's division of the community property, "mainly the settlement from the buyback of [Joe's] home by San Antonio Housing Authority and K.B. Homes."[2] The trial court has broad discretion in dividing the marital estate, and we presume the trial court properly exercised its discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). The trial court is required to divide the estate of the parties in a manner that is "just and right," having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006); *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). The party complaining of the trial court's

---

[1] The following issues were not adequately briefed and therefore we decline to address them: "(3) Also Appellant's spouse obtained numerous credit cards in Appellant's name without this authorization while he has been incarcerated and ran up debt on them that is not his; (4) Fraud on the community; (5) Wasting of community assets by a spouse; (6) Appellant never waived his rights to a jury trial; (7) Actual fraud committed by spouse; (9) Spouse made defamatory and false charges which were of a privileged nature; and (11) Appellant was not allowed to give complete testimony by the Trial Court."

[2] The other two related issues are: "(8) A judgment was rendered in disregard of the expressed [sic] provisions of the Divorce Statute; and (10) Biased and partial ruling by Judge Barbara Nellermoe."

property division must demonstrate from the evidence in the record that the division was so unjust that the trial court abused its discretion. *Prague v. Prague*, 190 S.W.3d 31, 40 (Tex. App.—Dallas 2005, pet. denied). The trial court may order an unequal division of martial property when a reasonable basis exists for doing so. *Id.* at 41. We consider every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate. *Murff*, 615 S.W.2d at 699; *Prague*, 190 S.W.3d at 41.

At trial, Jamie testified that Joe stopped working in May 2003 and therefore she was left to pay the couple's bills using money from her salary alone. She further stated that Joe used illegal drugs and incurred many debts, which she then took out loans to pay. Jamie later sold the house she and Joe owned together, with Joe's permission, for $93,000, which netted proceeds totaling approximately $28,750. She used that money to pay off the couple's debt, including credit card bills, loan payments, and medical bills. Jamie testified that no money remained from selling the house. Joe was permitted to testify at length, even reading a prepared statement to the court. He stated that Jamie incurred debts by spending money that she did not have, and therefore he should be entitled to his half of the proceeds from the sale of the house. At the conclusion of the trial, the trial court stated that there was not much property to divide up, and "I can't divide something that doesn't exist anymore." They were each awarded a vehicle and other personal property, and Jamie was ordered to turn over all items belonging to Joe to Joe's mother. Further, Jamie was ordered to pay the debt owed on the vehicle awarded to her, and also any credit card debt in her name and any debts incurred solely by her after February 17, 2004. Joe was ordered to pay any credit card debt in his name and any debts incurred solely by him after February 17, 2004.

Based on this record, it appears the trial court considered the evidence presented by both parties and determined that any assets once held by the parties were used to pay community liabilities.  Accordingly, we cannot conclude the trial court abused its discretion in dividing the community estate.  Joe's issues on appeal are overruled, and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice