

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00445-CV

DANA PAIGE APPLEWHITE                                    APPELLANT

V.

WILLIAM CARL APPLEWHITE, JR.                            APPELLEE

----------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Dana Paige Applewhite appeals from a final decree of divorce. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Background

Dana and Appellee William Carl Applewhite, Jr. married in 1987. They had eleven kids during the marriage, seven of whom were under the age of eighteen when Dana sued William for divorce in July 2010. In her original petition, Dana pleaded for child support, a disproportionate share of the community estate, and spousal maintenance, among other things. William filed a counterpetition for divorce.

The trial court signed a final divorce decree after a trial at which Dana, William, and one of the children testified. The decree named Dana and William joint managing conservators of the children and Dana the parent with the exclusive right to designate the children's primary residence; established a modified standard possession order; ordered William to pay Dana child support in the amount of $2,150.59 per month, an amount consistent with the statutory guidelines; and divided the marital estate. The trial court did not award Dana spousal maintenance. Neither party requested findings of fact.

## III. Standard of Review

We apply an abuse of discretion standard of review to each of Dana's issues, which implicate the trial court's decisions regarding property division, child support, and the failure to award spousal maintenance. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Brooks v. Brooks*, 257 S.W.3d 418, 425 (Tex. App.—Fort Worth 2008, pet. denied). A trial court abuses its discretion if it acts without reference

2

to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011); *Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 79 (Tex. App.—Fort Worth 2010, no pet.). When a reporter's record is filed, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues.[2]

## IV. GROUNDS FOR DIVORCE AND DIVISION OF PROPERTY

In what we construe as her first and second issues, Dana argues that the trial court abused its discretion by not finding adultery as a fault ground for the divorce and by not awarding her a disproportionate share of the community property. She points out that William's attorney stipulated at trial that William had two affairs during the marriage, and she contends that "every factor that should have been used by the Court as a guideline in dividing the couple's community property was grossly skewed towards the awarding of a disproportionate amount of the marital estate to [her]."

---

[2]Legal and factual sufficiency are not independent grounds of error here, but they are relevant factors in deciding whether the trial court abused its discretion. *Halleman v. Halleman*, 379 S.W.3d 443, 447 (Tex. App.—Fort Worth 2012, no pet.).

The family code provides that "the court *may* grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation." *See* Tex. Fam. Code Ann. § 6.001 (West 2006) (emphasis added). It also provides that "[t]he court *may* grant a divorce in favor of one spouse if the other spouse has committed adultery." *Id.* § 6.003 (West 2006) (emphasis added). Here, the trial court granted the divorce only on the ground of insupportability. Although it was stipulated that William had two affairs, Dana pleaded insupportability as a ground for the divorce, and she does not challenge the sufficiency of the evidence to support the insupportability determination. Thus, in light of the record, and because the family code assigns the divorce-ground determination to the discretion of the trial court, we hold that the trial court did not abuse its discretion by not instead finding, or by not additionally finding, adultery as a ground for the divorce.

Regarding the property division, the trial court shall order a division of the parties' estate in a manner that the court deems just and right, having due regard for the rights of each party. *Id.* § 7.001 (West 2006). The property division need not be equal, but it must be equitable, and a trial court may consider numerous factors when exercising its broad discretion to divide the marital property, including the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the

4

size of the separate estates, and the probable need for future support. *Murff*, 615 S.W.2d at 699. A disproportionate division must be supported by some reasonable basis. *Smith v. Smith*, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).

The evidence demonstrates that Dana is the primary conservator for seven children. She is in her mid- to late forties, she works full time for Little Elm ISD, her monthly net pay is $1,400, and she testified that her house rent is $1,400 per month, that her utilities cost at least $750 per month, that food costs at least $1,400 per month, that her cable costs $200 a month, that her van costs $80 per week to operate, and that she receives about $650 per month in food stamps. Dana explained that she did not have the ability to go back to school because she had to work and pay bills.

William is a logistics engineer for Raytheon. He makes approximately $92,000 per year and has a monthly net pay of approximately $5,300. His rent is approximately $1,075 per month, his other expenses run about $1,200 per month, he pays approximately $500 per month in health insurance for the children, and he pays Dana $2,100 in monthly child support. He testified that his monthly expenses exceed his monthly take-home pay and that he sometimes borrows money to make ends meet. William estimated that the value of the property contained in his home was worth about $1,000 and that the value of the property contained in Dana's home was worth $4,000. William explained that he and Dana sold the family home during the pendency of the divorce, in November

5

2011, and that they split a number of community assets, including cash and cars, when the divorce was initially filed. He regularly exercises his visitation with the children, and he said that he learned only two days before the final trial that Dana was using food stamps.

The trial court awarded William all of the property and cash in his control, half of the retirement benefits in his Raytheon Savings and Investment Plan, half of the retirement benefits in his Raytheon TI Systems Employees Pension Plan, half of Dana's retirement benefits in her Texas Teachers Retirement Income from her employment at Little Elm ISD, airline travel miles, funds in a use-it-or-lose-it health expense account, and two "TI stocks" that fluctuate in value between $25 and $50 each. The trial court awarded Dana all of the property and cash in her control, half of the retirement benefits in William's Raytheon Savings and Investment Plan, half of the retirement benefits in William's Raytheon TI Systems Employees Pension Plan, half of the retirement benefits in her Texas Teachers Retirement Income from her employment at Little Elm ISD, and 50% of William's military retirement pay.

Regarding the division of community debt, in addition to the debt owed on the vehicle awarded to William, the trial court ordered William to pay a credit card debt in the amount of $2,039.11, additional credit card debt in the amount of $1,477.51, a debt owed to the Navy in the amount of $48,000, a debt owed to Raytheon in the amount of $1,210.00, and a debt owed to Wells Fargo Dealer

6

Services in the amount of $13,843.00. The trial court ordered Dana to pay any debts in her name.

The record thus demonstrates that although the trial court appears to have divided the community assets equally between Dana and William, it ordered William to pay a significant portion of the community debt, perhaps to account for the disparity in income between the two. Considering the allocation of assets and debt, and contrary to Dana's argument, the trial court awarded her a disproportionate division of the community estate. Further, in light of all the evidence, including the evidence detailed above, we hold that the disproportionate division has a reasonable basis, and we cannot conclude that the trial court abused its discretion by not awarding Dana an even greater share of the community estate than it did. *See* Tex. Fam. Code Ann. § 7.001; *Murff*, 615 S.W.2d at 699. We overrule Dana's first and second issues.

## V. SPOUSAL MAINTENANCE

In her third and fourth issues, Dana argues that the trial court abused its discretion by not awarding her spousal maintenance. She points out that she was married for over twenty-five years and only began working recently, that she is in her late forties and lacks work experience, that she does not have enough money to buy groceries for the children, and that she did not receive sufficient funds from the community estate "to meet minimum reasonable needs."

Under the applicable law, the trial court may order spousal maintenance if (1) the marriage lasted ten years or longer, (2) the spouse seeking maintenance

7

lacks sufficient property, including the property distributed to the spouse in the divorce, to provide for the spouse's minimum reasonable needs, and (3) the spouse seeking maintenance clearly lacks earning ability in the labor market to provide support for the spouse's minimum reasonable needs. Tex. Fam. Code Ann. § 8.051(2)(C) (West Supp. 2013).

Here, Dana acknowledged at trial that William paid her spousal support ($1,000 per month) for eighteen months during the pendency of the divorce suit. The evidence also shows that Dana is employed, that she rents a house, that she has a car, that she pays for utilities and food, and that the value of the possessions and property in her house is four times greater than the value of the possessions and property in William's house. Further, as explained, the trial court disproportionately divided the community estate in Dana's favor. Dana testified that she needs more money to fully cover the monthly expenses that we detailed above, but there was no evidence that those general expenses represent her minimum reasonable needs, and she did not identify what amount of income she would need to satisfy her minimum reasonable needs. *See id.* (addressing only *the spouse*'s minimum reasonable needs); *Petra v. Petra*, No. 04-09-00214-CV, 2010 WL 374388, at *1–2 (Tex. App.—San Antonio Feb. 3, 2010, no pet.) (mem. op.) (reasoning similarly). Determining what the "minimum reasonable needs" are for a particular person is a fact-specific determination, which is made by the trial court on a case-by-case basis. *Chafino v. Chafino*, 228 S.W.3d 467, 475 (Tex. App.—El Paso 2007, no pet.). Based on this record,

8

the trial court could have reasonably concluded that Dana does not lack sufficient property or sufficient earning ability to meet her minimum reasonable needs. *See* Tex. Fam. Code Ann. § 8.051(2)(C). Accordingly, we hold that the trial court did not abuse its discretion by not awarding Dana spousal support, and we overrule her third and fourth issues. *See Chafino*, 228 S.W.3d at 475 (affirming refusal to award spousal maintenance).

## VI. CHILD SUPPORT

Citing family code section 154.126, Dana argues in her fifth issue that the trial court abused its discretion by not awarding her child support in excess of the statutory guidelines. She contends that the trial court should have deviated upward from the support guidelines because she receives assistance with child care costs, assistance from her church for electric bills and food, and food stamps.

"The amount of a periodic child support payment established by the child support guidelines in effect in this state at the time of the hearing is presumed to be reasonable, and an order of support conforming to the guidelines is presumed to be in the best interest of the child." Tex. Fam. Code. Ann. § 154.122(a) (West 2008). Contrary to Dana's argument, section 154.126(a) is inapplicable because William's net resources do not exceed $7,500. *See id.* § 154.126 (West 2008). Nonetheless, a trial court may "order periodic child support payments in an amount other than that established by the guidelines if the evidence rebuts the presumption that application of the guidelines is in the best interest of the

9

children and justifies a variance from the guidelines." *Id.* § 154.123(a) (West 2008). In determining whether application of the guidelines would be "unjust or inappropriate under the circumstances, the court shall consider evidence of all relevant factors," including those listed in section 154.123(b). *Id.* § 154.123(b)

Consistent with the statutory guidelines, the trial court ordered William to pay Dana 40% of his monthly net resources, or $2,150.59. The record certainly demonstrates that Dana's budget is tight and that she receives assistance from several sources to help make ends meet, but the record is equally clear that William's budget is also tight and that he sometimes receives assistance to help make ends meet. In fact, William testified that his monthly expenses surpass his monthly net resources. Also, the record is undisputed that William regularly exercises slightly modified, extended visitation with the children. In light of this evidence, and that William is responsible for paying the vast majority of the community debt, we hold that the trial court could have reasonably concluded that Dana failed to overcome the presumption that the guideline-conforming child support order is in the best interest of the children. We overrule Dana's fifth issue.

## VII. MILITARY RETIREMENT

In her sixth issue, Dana argues that the portion of the divorce decree that awards her half of William's military retirement fails to comply with the Texas requirement that military retirement benefits be apportioned based upon the value of the community's interest at the time of the divorce, not at the time of

retirement.  *See Berry v. Berry*, 647 S.W.2d 945, 946–47 (Tex. 1983).  The decree provides in relevant part as follows:

> [Dana] is awarded a percent of [William's] disposable military retired pay, to be computed by multiplying 50 percent times a fraction, the numerator of which is 4798 reserve retirement point[s] *earned during the period of marriage*, divided by [William's] total number of reserve retirement point[s] earned as a result of [his] service in the United States US Navy . . . .  [Emphasis added.]

Contrary to Dana's argument, the decree does not run afoul of *Berry* because the formula's numerator, which establishes the reserve retirement points that William earned *only during the marriage*, is divided by the total number of reserve retirement points that William has earned, which is then multiplied by a constant 50%.  Thus, Dana is entitled to 50% of the retirement pay that William earned only during the marriage.[3]  We overrule Dana's sixth issue.

## VIII. INDIGENCE

Dana filed an affidavit of indigence in conjunction with this appeal, and the trial court sustained objections to the affidavit.  Dana challenged the trial court's ruling, and this court concluded, contrary to the trial court, that she is indigent.  William subsequently filed a motion to reconsider our ruling, arguing that Dana is not indigent.  We decline to alter our previous determination that Dana is indigent, and we deny his motion.

---

[3]We also observe that Dana failed to argue how she would be harmed in the event that the decree was worded erroneously.  *See* Tex. R. App. P. 44.1(a).

## IX. CONCLUSION

Having overruled all of Dana's issues, we affirm the trial court's judgment.


/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED:  February 27, 2014